**IN THE UNITED STATES OF AMERICA**
**BEFORE THE FEDERAL DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOHNATHAN M. FISHBEIN, M.D. ) | |
|  ) | |
| *Plaintiff*, ) | |
|  ) | Case No. |
| v. ) | |
|  ) | |
| DEPARTMENT OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| NATIONAL INSTITUTES OF HEALTH ) | |
|  ) | |
| *Defendants*. ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

This is an action under the Privacy Act (PA), 5 U.S.C. § 552, for injunctive and other appropriate relief, and seeking the processing and release of any records requested by Dr. Jonathan M. Fishbein from Defendant, Department of Health and Human Services, National Institutes of Health (hereinafter "Agency") as set forth below.

**JURISDICTION AND VENUE**

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552a. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 701-706. Venue lies in this federal district court under 5 U.S.C. § 552a.

**PARTIES**

2. Plaintiff, Jonathan M. Fishbein, M.D., is a citizen of the United States of America and resides at 7945 Turncrest Drive, Potomac, Maryland, 20854, and has

       requested Agency records concerning his employment with the Department of Health and Human Services and other matters as set forth below.

3. Defendant, Department of Health and Human Services, is a Department of the United States government and is headquartered in Washington, D.C. Defendant, National Institutes of Health has possession and control over the records Plaintiff seeks.

### STATUTORY FRAMEWORK AND FACTS GIVING RISE TO PLAINTIFF'S CLAIM

4. By letter dated May 27, 2004, Plaintiff, by and through counsel, submitted a request to the Agency pursuant to the PA seeking access to the following documents.

   - All documents directly or indirectly related to Plaintiff, Dr. Fishbein.
   - All documents directly or indirectly related to any allegation that Dr. Fishbein engaged in any misconduct or had any performance problem.
   - All documents directly or indirectly related to Dr. Fishbein's performance and/or performance ratings.
   - All documents related to Dr. Fishbein's status as a federal employee.
   - All communications between the Agency and any person directly or indirectly related to Dr. Fishbein.
   - All documents related directly or indirectly related to any violations of laws, rules, and/or regulations reported by Dr. Fishbein.
   - All documents related in any manner whatsoever to Dr. Fishbein's performance and/or any personnel actions taken related to Dr. Fishbein.

- All documents which were created or used to justify any personnel action taken regarding Dr. Fishbein.

- The complete log documenting all persons who have had access to PA-protected information related to Dr. Fishbein and the dates on which any such information was reviewed, altered, added and/or deleted from said file or system of records.

5. By letter dated August 20, 2004, Plaintiff, by and through counsel, filed an administrative appeal with the Agency for the denial and/or constructive denial of Plaintiff's May 27, 2004 requests.

6. On September 2, 2004, the Agency responded to Plaintiff's request, in which the Agency stated that it withheld records per exemption (d)(5) of the PA.

7. On September 7, 2004, Plaintiff, by and through counsel, appealed the denial of records responsive to his May 27, 2004 request.

8. On October 29, 2004, the Agency stated in writing that it had completed its response to Plaintiff's request for records under the PA.

9. To date, Plaintiff has been denied access to all of the records that are responsive to Plaintiff's May 27, 2004 PA request.

## COUNT I
### (Denial of Access to Records)

10. Plaintiff incorporates by reference Paragraphs 1 through 9, inclusive, and all allegations contained therein.

11. To date, Defendant has denied, and/or constructively denied, Plaintiff access to records he has requested through the above-referenced May 27, 2004 PA request.

12. Plaintiff has exhausted all administrative remedies pursuant to the PA related to his May 27, 2004 PA request and his August 20, 2004 administrative appeal.

13. Plaintiff has a statutory right to the records that he seeks and that exist, and there is no legal basis for Defendants' refusal to disclose those records.

## COUNT II
### (Use of Exemption (d)(5))

14. Plaintiff incorporates by reference Paragraphs 1 through 13, inclusive, and all allegations contained therein.

15. The documents responsive to Plaintiff's request are not protected by exemption (d)(5) of the PA.

16. Other documents exist responsive to Plaintiff's request that have not been produced and which are not covered under exemption (d)(5) or any other exemption.

18. Defendants should be enjoined from withholding any records that are responsive to the Plaintiff's above-referenced May 27, 2004 PA request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a) Declare that Defendants' refusal to disclose the records requested by Plaintiff under the Privacy Act is unlawful;

(b) Order Defendants to make the requested records available to Plaintiff under the Privacy Act as requested forthwith;

(c) Order preliminary and permanent injunctive relief as appropriate;

(d) Award Plaintiff costs and reasonable attorneys' fees in this action; and

(e) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____

Stephen M. Kohn,
(D.C. Bar #411513)
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C. 20007-2756
Phone: (202) 342-6980
Fax: (202) 342-6984

Attorneys for Plaintiff

Dated: September 7, 2005